UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21-cv-1278 |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dorothy C.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, Plaintiff's motion (dkt. 15) is granted and the Commissioner's Motion for Summary Judgment (dkt. 17) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**I. Background**

On July 12, 2018, Plaintiff filed claims for SSI with an onset date of November 1, 2004.[2] (R. 40.) The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on October June 30, 2020. (*Id*.) On July 28, 2020, the ALJ denied Plaintiff's claim, finding her not disabled under the Act and therefore ineligible for benefits. (R. 40-47.) On June 16, 2020, the Appeals Council

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] As discussed more below, Plaintiff had a previous disability claim related to a 2004 injury during childbirth that was granted.

denied Plaintiff's request for review, (R. 4-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ issued a written decision following the five-step analytical process required by 20 C.F.R. § 416.920. (R. 40-47.) At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 12, 2018. (R. 42.) At Step Two, the ALJ concluded that Plaintiff has the following medically determinable impairments: dysfunction of major joints, neurogenic bladder, asthma, personality disorder, and impulse control disorder. (*Id*.) The ALJ then found that none of those medically determinable impairments or any combination thereof significantly limited Plaintiff's ability to perform basic work-related activities for twelve months; in other words, Plaintiff did not have a severe impairment or combination of impairments. (R. 43.) These findings led to the ALJ's conclusion that Plaintiff is not disabled as defined by the Social Security Act. (R. 43.)

On October 9, 2018, Plaintiff's attorney requested "that any evidence from [Plaintiff's] prior claim file be incorporated into the current claim." (R. 319.) The ALJ rejected this request because Plaintiff's attorney "did not specify which evidence should be incorporated or how it is relevant to the claimant's current claim," and "did not renew this request or object to the record in this case, which does not include the prior evidence." (R. 40.)

Plaintiff's counsel also requested a consultative examination with IQ testing. (R. 319.) Although a psychological consultative examination was completed on November 15, 2018, it did not include IQ testing; the ALJ rejected the request for IQ testing because "the [consultative] examiner did not indicate IQ testing was required and the undersigned finds nothing else in the record suggests IQ testing is necessary." (R. 40.)

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last

insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision

deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

**III. Discussion**

At Step Two, "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Relevant work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." SSR 85-28. "A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, *i.e.*, do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities." *Id*. The Social Security Regulations state that ALJs should take "[g]reat care…in applying the not severe impairment concept," and the Seventh Circuit has repeatedly noted that the Step Two analysis is as "a *de minimis* screening for groundless claims." *See, e.g.*, *Thomas v. Colvin*, 826 F.3d 923, 960 (7th Cir. 2016). Additionally, "[a]lthough a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) (citing *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991)). Here, the ALJ failed in her duty to develop a full and fair record, and,

4

therefore the Court does not believe the ALJ's conclusions are adequately based on substantial evidence. In particular, the Court believes the ALJ erred by not including Plaintiff's prior claim evidence in the record and not requesting an IQ test.

Plaintiff suffers from a neurogenic bladder that requires the use of a catheter that a friend changes for her several times per day. (R. 44, 287.) Plaintiff's bladder was injured while giving birth to her daughter in 2004. (R. 513-514.) The ALJ determined that Plaintiff's bladder impairment was non-severe because "there is no evidence of complications related to her condition and no evidence of treatment from a urologist." (R. 45.) The ALJ made this finding without the benefit of evidence from Plaintiff's prior claim. Plaintiff's prior claim is a bit of a black box to the Court; it was only briefly discussed during Plaintiff's hearing testimony and neither the ALJ nor her counsel asked her any questions about it.[3] The record does not contain any concrete information regarding the basis for Plaintiff's prior disability and is very vague about why those payments stopped. According to Plaintiff's reply brief, "Plaintiff suffers from the same condition she did when Social Security found her disabled," and "her disability never ceased but she no longer qualified for Supplemental Security Income because the [personal injury/medical malpractice] settlement she received for her disabling injuries caused her to exceed resource limits." [Dkt. 23 at 2.] Information and evidence from this prior claim would be crucial in determining whether Plaintiff's bladder condition is severe,[4] but the ALJ actively rejected this evidence when Plaintiff's counsel requested it. By doing so, she abrogated her duty to develop a full and fair record, rendering the ALJ's finding that Plaintiff's bladder condition is non-severe unsupported by substantial evidence in the record.

---

[3] The Court recognizes that Plaintiff was represented by counsel at the hearing, but that does not relieve the ALJ of her independent duty to develop the record. *See Smith v. Apfel*, 231 F.3d at 437 (finding ALJ failed to adequately develop the record, even though claimant was represented by counsel).

[4] For example, the evidence from the prior claim might show that Plaintiff reached maximum medical improvement for her bladder condition and further treatment from a urologist was unnecessary absent any acute change in her condition. This would explain why the record for the current claim does not include treatment from a urologist, but would not answer how requiring a catheter change several times per day does not have more than a minimal effect on one's abilities to perform basic work activities.

Plaintiff is illiterate and received no formal education. (R. 530.) A letter from Chicago Public Schools confirms that they have no record of Plaintiff ever attending school. (R. 550.) At her consultative psychological examination, Plaintiff could not name five cities, did not know the current president, could not accurately explain the proverb "don't judge a book by its cover," and could not perform simple multiplication, subtraction, or division. (R. 531.) In light of these findings and Plaintiff's lack of education and illiteracy, an IQ test (or some other mental capacity testing) would be needed to determine whether Plaintiff has a learning disability that would have more than a minimal effect on understanding, carrying out, and remembering simple instructions or using judgment. However, the ALJ rejected Plaintiff's request for such testing. The Court does not believe the ALJ's conclusion that "nothing else in the record suggests IQ testing is necessary" is supported by substantial evidence. There is ample evidence Plaintiff may have a mental disability that significantly interferes with her ability to do basic work activities, and additional testing is required to make that determination. By rejecting Plaintiff's request for IQ testing, the ALJ failed to develop a full and fair record, rendering the ALJ's finding that Plaintiff's mental impairments are non-severe unsupported by substantial evidence in the record.

The Court can understand the ALJ's thinking; the record is rife with instances of Plaintiff malingering, engaging in drug-seeking behavior, and refusing to comply during examinations. (R. 45-46.) However, those issues are not mutually exclusive of having a mental impairment; in fact, they might be further evidence of Plaintiff having a mental impairment that has a significant effect on her ability to appropriately use her judgement or respond appropriately to supervision, coworkers, and usual work situations. The Court is not suggesting the ALJ must find Plaintiff is disabled on remand, but the administrative record before the Court is not adequately developed to support the ALJ's findings. As such, the Court remands this case to allow the ALJ to develop the record more fully and make additional findings based on that more robust evidence.

## IV. Conclusion

Plaintiff's motion (dkt. 15) is granted and the Commissioner's Motion for Summary Judgment (dkt. 17) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

Entered: July 5, 2022

_____
United States Magistrate Judge
Susan E. Cox